JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Bruce L. Neff, Esquire
Two Penn Center Plaza, Suite 1212
Philadelphia, PA 19102

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
UNUM Provident Corporation, UNUM Life Insurance Company, Provident Life and Accident Insurance Company and Satya Bandhu Arya

County of Residence of First Listed Defendant   Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. §1332(a)
Brief description of cause:
Fraud and Interference with Contractual Relations.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 11/19/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Two Penn Center Plaza, Suite 1212, 15th St. & JFK Blvd., Philadelphia, PA 19102

Address of Defendant: c/o Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Fraud

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Bruce L. Neff, Esquire, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 11/19/14 _____ 02415
Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/19/14 _____ 02415
Bruce L. Neff, Esquire
Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bruce L. Neff, Esquire | : | CIVIL ACTION |
| v. | : | |
| UNUM Provident Corporation, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 11/19/14 | Bruce L. Neff, Esquire | Attorney for Plaintiff |
| **Date** | **Attorney-at-law** | |
| 215-564-3331 | 215-564-6952 | bneff@neffandassociates.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bruce L. Neff, Esquire : <br> Neff and Associates : <br> Two Penn Center Plaza : <br> Suite 1212 : <br> 15th Street & JFK Boulevard : <br> Philadelphia, PA 19102 : <br> vs. : <br> UNUM Provident Corporation : <br> 1 Fountain Square : <br> Chattanooga, TN 37402 : <br> c/o Corporation Service Company : <br> 2595 Interstate Drive : <br> Suite 103 : <br> Harrisburg, PA 17110 : <br> and : <br> UNUM Life Insurance Company : <br> 2211 Congress Street : <br> Portland, ME 04122 : <br> and : <br> Provident Life and Accident Insurance Company: <br> 1 Fountain Square : <br> Chattanooga, TN 37402 : <br> and : <br> Satya Bandhu Arya : <br> 9 Briars Lane : <br> Wilmington, DE 19807 : | CIVIL ACTION <br><br> No. |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Bruce L. Neff, Esquire, at all times material hereto has been an individual practicing law at Two Penn Center Plaza, Suite 1212, 15th Street & JFK Boulevard, Philadelphia, PA 19102, as a sole proprietorship.

2. Defendant, UNUM Provident Corporation is a Corporation with its principal place of business located at 1 Fountain Square, Chattanooga, TN 37402; and a registered service address at the Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110,

and has engaged in continuous business activities in the Commonwealth of Pennsylvania, at all times material hereto.

3. Defendant, UNUM Life Insurance Company, is an insurance company with its principal place of business located at 2211 Congress Street, Portland, ME 04122, and has engaged in continuous business activities in the Commonwealth of Pennsylvania, at all times material hereto.

4. Defendant, Provident Life and Accident Insurance Company, is an insurance company with its principal place of business located at 1 Fountain Square Chattanooga, TN 37402, and has engaged in continuous business activities in the Commonwealth of Pennsylvania, at all times material hereto.

5. Defendant, Satya Bandhu Arya, is an adult individual residing at 9 Briars Lane, Wilmington, DE 19807.

6. Defendant, Arya met with Plaintiff at Plaintiff's Philadelphia office to consult with Plaintiff on November 2, 2001.

7. On November 2, 2001, Satya Bandhu Arya retained the services of Bruce L. Neff, Esquire, to pursue a claim against UNUM Provident Insurance Company based on their decision to discontinue paying him disability benefits. See Contingency Fee Agreement, signed by S.B. Arya, dated November 2, 2001, attached hereto as Exhibit "1". The Agreement was entered at Plaintiff's office.

## STATEMENT OF JURISDICTION

8. At all material times, the continuous business activities of Defendants, UNUM Provident Corporation, UNUM Life Insurance Company and Provident Life and Accident Insurance Company consisted of issuing, selling and/or marketing policies covering the life of

Pennsylvania citizens. Further, UNUM Provident Corporation, UNUM Life Insurance Company and Provident Life and Accident Insurance Company all maintain physical business locations in Pennsylvania at UNUM field offices in Pittsburgh and King of Prussia, Pennsylvania.

9. UNUM Provident Corporation, UNUM Life Insurance Company, and Provident Life and Accident Insurance Company purposely conducted business activities within Pennsylvania by operating field offices and putting UNUM products and services into the stream of commerce.

10. UNUM Life Insurance Company of America is licensed and active in the Commonwealth of Pennsylvania.

11. Provident Life and Accident Insurance Company is licensed and active in the Commonwealth of Pennsylvania.

12. Defendant, Satya Bandhu Arya is a citizen of the State of Delaware.

13. Plaintiff, Bruce L. Neff, Esquire is a citizen of the Commonwealth of Pennsylvania.

14. This Court has jurisdiction pursuant to 28 U.S.C.A. §1332(a) by virtue of the diversity of the parties' citizenship and personal jurisdiction by virtue of the Defendants contacts with Pennsylvania in addition to the fact that occurrences underlying this matter took place in Pennsylvania.

## STATEMENT OF FACTS OF THE CASE

15. After investigating the claim and receiving information from various sources, Plaintiff prepared a Complaint to bring an action on behalf of Mr. Arya against UNUM for the past due benefits as well as future benefits due to Mr. Arya under the terms of his contract with UNUM.

16. In a conversation of October 7, 2002, Mr. Arya directed Mr. Neff to file the Complaint against the UNUM entities. See letter dated October 7, 2002, confirming the conversation, of October 7, 2002, attached hereto as Exhibit "2".

17. As a result of the conversation of October 7, 2002, with Mr. Arya, the Complaint which had previously been prepared by Plaintiff was filed in the Court of Common Pleas of Philadelphia County on October 7, 2002. See Complaint, attached hereto as Exhibit "3".

18. The filing fees for the Complaint were $416.50. See Receipt, attached hereto as Exhibit "4".

19. On October 8, 2002, the Complaint was sent to UNUM Life Insurance Company of America, at 1 Fountain Square, Chattanooga, TN 37402, by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure. See Affidavit of Service, attached hereto as Exhibit "5".

20. On October 8, 2002, the Complaint was sent to UNUM Provident Corporation, at 1 Fountain Square, Chattanooga, TN 37402, by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure. See Affidavit of Service, attached hereto as Exhibit "6".

21. On October 8, 2002, the Complaint was sent to Provident Life and Accident Insurance Company, at 1 Fountain Square, Chattanooga, TN 37402, by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure. See Affidavit of Service, attached hereto as Exhibit "7".

22. On October 14, 2002, the Complaint was delivered and received by each of the three entities listed above. See three transmittal letters dated October 8, 2002, with return receipt cards dated October 14, 2002, signed by a representative of Defendant, attached hereto as Exhibit "8".

23. On October 18, 2002, Plaintiff sent a letter to Susan Y. Atterton, Lead Customer Care Specialist at UNUM Provident Corporation, advising her of his representation and of the lawsuit that had been filed on behalf Mr. Arya. See letter dated October 18, 2002, attached hereto as

Exhibit "9".

24. On October 24, 2002, Richard L. McMonigle, Esquire and William S. Fox, Esquire entered their appearance for the UNUM entities. See Entry of Appearance, attached hereto as Exhibit "10".

25. By letter dated October 28, 2002, Mr. McMonigle notified Plaintiff of his representation of the UNUM entities and attached a copy of his Entry of Appearance. See letter dated October 28, 2002, attached hereto as Exhibit "11".

26. Between the time that the Complaint was served on the UNUM entities on October 14, 2002 and October 29, 2002, a representative of the UNUM entities contacted Mr. Arya and advised him that if he would withdraw the lawsuit then UNUM would pay him disability benefits. See Affidavits of S.B. Arya and Kamlesh Arya, attached hereto as Exhibit "12".

27. At the time that UNUM contacted Mr. Arya it was aware of the fact that he was in financial distress.

28. At the time that UNUM contacted Mr. Arya it was aware that he was represented by Plaintiff and that there was a contractual relationship between Mr. Arya and Plaintiff.

29. At the time UNUM contacted Mr. Arya it had been served with the Complaint.

30. At the time UNUM contacted Mr. Arya it had received the letter of October 18, 2002.

31. As a result of the direct contact from the representative of the UNUM entities S.B. Arya sent a letter to Plaintiff via fax and mail on October 29, 2002, directing Plaintiff to withdraw all proceedings in his case against UNUM Provident as soon as possible. See letter dated October 29, 2002, attached hereto as Exhibit "13".

32. Pursuant to the directions of Mr. Arya Plaintiff discontinued the action against UNUM Provident. See letter dated October 31, 2002, from Plaintiff to Mr. McMonigle, attached hereto

as Exhibit "14".

33. During the week of September 29, 2014, S.B. Arya contacted Plaintiff by telephone and asked if Plaintiff was willing to represent him in an action against the UNUM entities concerning the amount of payments he was receiving from UNUM.

34. At the time of the phone call, Mr. Arya indicated that he had been receiving disability benefits from UNUM for the past twelve (12) years. See letter from UNUM dated June 17, 2014, attached hereto as Exhibit "15".

35. The conversation with Mr. Arya in October 2014, was the first indication the Plaintiff had that UNUM had made any payments to Mr. Arya.

36. At the time that Plaintiff withdrew the lawsuit at Mr. Arya's request Plaintiff asked Mr. McMonigle if UNUM was making payments to Mr. Arya and was advised that Mr. McMonigle had no knowledge of any payments.

37. On October 7, 2014, Plaintiff met with Mr. and Mrs. Arya who confirmed the fact that Mr. Arya had been receiving disability benefits since the contact from the UNUM representative in 2002.

38. The Contingent Fee Agreement that was signed by Mr. Arya requires him to pay a contingent fee to Plaintiff during the period that he receives benefits based on a contingency of 20% of the gross payment for continuing monthly payments and 40% of the gross amount for payments for multiple months made in one check.

39. Mr. Arya has made no payments to Plaintiff at any time.

40. At the meeting with Mr. and Mrs. Arya on October 7, 2014, Mr. Arya acknowledged that the Contingent Fee Agreement he had signed required him to pay Plaintiff a fee for the monthly payments he was receiving from UNUM.

41. Plaintiff expended time and energy in investigating Mr. Arya's claim, and preparing and filing the Complaint against UNUM.

42. At the time that the representative of the UNUM entities contacted Mr. Arya they were aware of the contractual relationship between Mr. Arya and the Plaintiff.

43. The purpose of UNUM in contacting Mr. Arya was designed at least in part to interfere with the contractual relations between Mr. Arya and Plaintiff to the benefit of the UNUM entities and detriment of Plaintiff.

44. By requesting that Mr. Arya withdraw the lawsuit the UNUM entities were able to save the attorney's fees and expenses which they would have incurred in defending the litigation that had been filed on October 7th.

45. In removing Plaintiff as the representative of Mr. Arya, UNUM created a situation where they would be dealing with an unrepresented individual making it easier for them to discontinue his disability benefits again in the future without having to deal with an attorney already representing their insured.

46. When UNUM induced Mr. Arya to withdraw the lawsuit they failed to take any steps to insure that any fees which would be owed to Plaintiff or liens of Plaintiff would be recognized by placing the name of Plaintiff on any check or checks issued to Mr. Arya.

47. The actions of the UNUM entities was intentional, willful, wanton and reckless and in total disregard of the contractual relationship which existed between Plaintiff and Mr. Arya.

48. As a result of the conduct of the Defendants' representative Plaintiff has been irreparably harmed by failing to receive the contingent fees agreed to under the terms of his contract with S.B. Arya for benefits payable from the year 2001 to the present as well as benefits going forward.

49. Mr. Arya is currently 56 years of age.

50. It is anticipated that he will continue to receive benefits until age 65 under the terms of the disability policy with UNUM, representing an additional 9 years in loss of contingent fees.

51. When Mr. Arya met with Plaintiff on October 7, 2014, he was unwilling to honor the Contingent Fee Agreement he had signed in 2001.

52. The contract between Mr. Arya and Plaintiff was entered into in the City of Philadelphia, Commonwealth of Pennsylvania, and all letters and legal documents were generated, issued and filed in the City of Philadelphia, Commonwealth of Pennsylvania.

53. The amount owed to Plaintiff under the contract from the time that UNUM had suspended benefits to Mr. Arya to the present is approximately $240,000.00 or 20% of the approximate $1,200,000.00 received by Mr. Arya during that period. See print-out from UNUM dated June 17, 2014, attached hereto as Exhibit "15".

54. The legal interest on the amount owed to Plaintiff in this matter amounts to approximately $79,344.00 at the time of the filing of this Complaint.

55. The amount that would be paid to Plaintiff under the terms of the contract going forward to Mr. Arya's 65th birthday amounts to approximately $240,000.00 representing additional payment of approximately $1,200,000.00 during that period.

56. In contacting Mr. Arya without permission from his attorney and getting Mr. Arya to terminate the relationship with his attorney UNUM engaged in a pattern and practice designed to interfere with the attorney client relationship of those people who are or where its insureds.

57. In the late 1990's and early years of the 21st century, UNUM was sued by multiple individuals who had purchased non-ERISA private insurance policies and which were insured by the UNUM entities resulting in substantial financial losses and multiple lawsuits throughout the

United States.

58. Plaintiff had successfully prosecuted claims against UNUM which had resulted in substantial settlements to the detriment of UNUM and benefit of his clients concerning their long-term disability claims. See Solomon vs. UNUM, CCP: March Term, 1998, No. 1096, Morales v. UNUM, USDC Docket #: 03-cv-925 and Barnett vs. UNUM.

59. UNUM did not want Mr. Arya to be represented by Plaintiff because of their past experience with Plaintiff.

60. In addition to the negative experience UNUM has had with Plaintiff it engaged in the pattern and practice of contacting insureds during litigation in an effort to undermine contractual relations between its insureds and their insureds' attorneys.

61. Around the time that UNUM contacted Mr. Arya and induced him to terminate his relationship with Plaintiff, UNUM contacted another client of Plaintiff's, Susan Owen-Wolkowitz on several occasions while the litigation on behalf Ms. Wolkowitz was pending in the courts. See Affidavit of Ms. Owens-Wolkowitz, attached hereto as Exhibit "16".

62. At the conclusion of the litigation involving Ms. Owens-Wolkowitz when it was determined that she would be placed on continuing benefits for her disability, UNUM sent disability payments directly to Ms. Owens-Wolkowitz contrary to her directions in writing and contrary to communications it had received from Plaintiff.

63. The sending of money directly to the client was intended to create a conflict or wedge between the insured and the attorney in order interfere with the contractual relationship between the insured and the attorney.

64. The practice of sending checks directly to clients is a pattern and practice that UNUM has engaged in from at least 2003 to the present.

65. In December of 2013, UNUM again sent a check directly to Ms. Owens-Wolkowitz because of a miscalculation it had made in determining her initial disability benefits. See copy of check sent to Ms. Owens-Wolkowitz, attached hereto as Exhibit "17".

66. In 2012, UNUM directed several checks to Dr. Richard Rush contrary to Dr. Rush's directions and communications from Plaintiff. See documents regarding Dr. Rush, attached hereto as Exhibit "18".

67. The attempt to send disability payments directly to Dr. Rush is part of the pattern and practice of UNUM to interfere with the contractual relationship between Plaintiff and his client, Dr. Rush.

68. In 2013, UNUM sent a premium return check to Dr. Donald Silverman, contrary to Dr. Silverman's directions and communications from Plaintiff. See attached documents, attached hereto as Exhibit "19".

69. The payments made directly to Dr. Silverman were intended to interfere with the relationship between Dr. Silverman and Plaintiff.

70. At the time the payments were made directly to Dr. Silverman, Plaintiff was in the process of filing a lawsuit against UNUM on behalf of Dr. Silverman for UNUM's improperly withholding disability benefits to Dr. Silverman.

71. Plaintiff has represented a limited number of individuals against UNUM.

72. In virtually all of those cases UNUM has attempted to create a situation that would interfere with the relationship between Plaintiff and his clients.

73. Plaintiff therefore alleges that UNUM engages in this pattern and practice of interfering with contractual relations between attorneys and UNUM insureds as an ongoing and continuing process that has been in effect since before UNUM contracted Mr. Arya in 2002, and persists to

the present day.

74. The pattern and practice is designed to discourage claims attorneys from taking cases against UNUM on behalf of individuals whose disability benefits have been improperly denied by the company.

75. The pattern and practice is designed to save UNUM attorney's fees to lawyers who would be representing UNUM in lawsuits brought by Plaintiffs' attorneys representing individuals whose disability benefits have been wrongly denied by UNUM.

76. The pattern and practice of UNUM is designed to wrongly withhold disability benefits from its insureds and to wrongfully interfere with the method of compensation of Plaintiffs' attorneys who bring actions on behalf of UNUM insureds to remedy the wrongful withholding of disability benefits by UNUM to its insureds.

## COUNT ONE
### Bruce L Neff, Esquire v. Defendant, UNUM
### Intentional Interference With Contractual Relations

77. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1- 76 aforesaid by reference as though fully set forth at length.

78. As set forth in detail above, a contract existed between Plaintiff and Defendant, Arya.

79. Defendant, UNUM was aware of the existence of the aforementioned contract.

80. Defendant, UNUM contacted Arya and directed him to withdraw the complaint with the specific intent of harming the contractual relationship between Plaintiff and Arya.

81. Defendant, UNUM's interference with the contractual relationship between Plaintiff and Arya was without any justification or privilege to act.

82. As a result of Defendant, UNUM's conduct, Plaintiff suffered legal damages in the form of the lost contingency fee agreed to by Arya in the amounts set forth above.

83. In addition, Defendant, UNUM's conduct was unethical, dishonest, and outrageous; thereby, warranting an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just.

### COUNT TWO
### Bruce L Neff, Esquire v. Defendant, UNUM and Arya
### Conversion

84. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1- 83 aforesaid by reference as though fully set forth at length.

85. Defendants have had continuous and repeated possession both actual and constructive of the contingency fee owed to Plaintiff at all material times.

86. Defendants' possession of the funds was without lawful justification.

87. Plaintiff had a distinct possessory interest in each payment made by UNUM to Arya.

88. As a direct result of Defendants' conversion Plaintiff suffered monetary losses set forth above.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just.

### COUNT THREE
### Bruce L Neff, Esquire v. Defendant, UNUM and Arya
### Fraud

89. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1-88 aforesaid by reference as though fully set forth at length.

90. Defendants overtly and/or by omission represented that Plaintiff was to withdraw the

Complaint because Arya no longer intended to pursue a benefit claim.

91. Plaintiff reasonably relied on these representations.

92. Defendants' misrepresentations were the direct factual cause of injury to Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just.

## COUNT FOUR
### Bruce L Neff, Esquire v. Defendant, UNUM and Arya
### Violations Of The Racketeering, Influencing And Corrupt Organization Act – Statute 18 U.S.C. §§1962(c)(d); 1964(c)

93. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1- 92 aforesaid by reference as though fully set forth at length.

94. Defendant, UNUM's association with its insured comprised a RICO enterprise.

95. Defendants were associated with the RICO enterprise by and through their fraudulent conspiracy with one another.

96. Defendant, UNUM participated in the enterprise by sending Arya's monthly benefit checks directly to Arya.

97. Defendant, Arya participated in the enterprise by receiving those checks and converting the portions thereof representing Plaintiff's fee.

98. As set forth above, Defendant, UNUM's conduct was part of a pattern of racketeering activities both with respect to its association with Arya and with its other insureds.

99. Defendants conduct led to both a loss of Plaintiff's attorney fees and a corresponding gain by UNUM of attorney's fees that it did not pay to assigned counsel.

100. Defendant, Arya manifested his agreement to participate and the RICO conspiracy by virtue of his repeated and continuous conversion of Plaintiff's fee.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00, and treble damages, together with interest, reasonable attorney's fees and costs, and any other relief this Court deems just.

## COUNT FIVE
### Bruce L Neff, Esquire v. Defendant, UNUM and Arya
### Civil Conspiracy

101. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1- 100 aforesaid by reference as though fully set forth at length.

102. Upon Defendant, UNUM's instigation, Defendants, Arya and UNUM acted together with the common purpose of intentionally interfering with the contract between Plaintiff and Arya, converting Plaintiff's assets, and fraudulently denying Plaintiff his attorney's fee by misrepresenting that Arya intended not to pursue his benefit claim.

103. In pursuance of Defendants' common purpose, Arya contacted Plaintiff, and instructed him to withdraw the litigation.

104. In addition, Defendant, UNUM proceeded to forward monthly benefit checks to Arya with full knowledge and intent that Arya did not intend to pay Plaintiff's fee.

105. Plaintiff suffered damages as set forth above.

106. Plaintiff believes and therefore avers that Defendants intended to injure and cause damages to Plaintiff insofar as they knew that Plaintiff would not be receiving lawful fees due to him.

107. In addition, Plaintiff believes and therefore avers that UNUM intended to injure and cause damages to Plaintiff knowing that Plaintiff had successfully pursued claims against UNUM in the past.

108. In addition, Plaintiff believes and therefore avers that UNUM intended to cause injury

and damages to Plaintiff insofar as it would be paying the same amount of benefits under the policies regardless of whether Plaintiff received a contingency fee.

109. Defendant, UNUM continuously and repeatedly issued benefit checks to Defendant, Arya with knowing intent that Plaintiff would not receive fees thereon during all material times.

110. Defendant, Arya repeatedly and continuously received and utilized for his own purpose the entire amount of the benefit checks received by UNUM during all material times.

111. Defendants' repetitious acts constitute a continuing conspiracy.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00, and punitive damages together with interest, reasonable attorney's fees and costs, and any other relief this Court deems just.

## COUNT SIX
### Bruce L Neff, Esquire v. Defendant, UNUM and Arya
### Concert Of Action

112. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1- 111 aforesaid by reference as though fully set forth at length.

113. As set forth above, Defendants acted in concert with one another and pursuant to common design.

114. As a result of Defendants conduct Plaintiff was caused to suffer damages as set forth above.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just.

## ALTERNATIVE COUNT SEVEN
### Bruce L Neff, Esquire v. Defendant, Arya
### Equitable Relief

115. Plaintiff, Bruce L. Neff, Esquire, hereby incorporates paragraphs 1 - 114 aforesaid by reference as though fully set forth at length.

116. Defendants' conduct constitutes a wrongful discharge of Plaintiff's representation.

117. Plaintiff is entitled to equitable compensation in the form of the value of his lost fees.

118. Damages to Plaintiff are equitably measured by the value of his past lost fees.

119. Damages to Plaintiff would include the issuance of an Order recognizing Plaintiff's contingency going forward.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court deems just.

NEFF AND ASSOCIATES

Date: 11/19/14

BY: _____
BRUCE L. NEFF, ESQUIRE